Kenneth P. Dobson
Dobson Law Office, LLC
OSB No. 002435
324 S. Abernethy Street
Portland, OR 97239
(971) 717-6582
kdobson@pdxlandlaw.com

*Counsel for Plaintiff and the proposed class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| ALEXIS SEALS, on behalf of herself and others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>CONCORA CREDIT INC.,<br><br>      *Defendant*. | Case No.:<br><br>**CLASS ACTION COMPLAINT (47 U.S.C. § 227)**<br><br>**DEMAND FOR JURY TRIAL** |

### Nature of this Action

1. Alexis Seals ("Plaintiff") brings this class action against Concora Credit Inc. f/k/a Genesis FS Card Services ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using, or causing to be used, an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, without prior express consent.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

PLAINTIFF'S CLASS ACTION
COMPLAINT

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Defendant resides in this district.

## Parties

5.      Plaintiff is a natural person who at all relevant times resided in Columbia, Missouri.

6.      Defendant, headquartered in Beaverton, Oregon, is a consumer financial services company focused on non-prime consumer credit.

## Factual Allegations

7.      Plaintiff is, and has been since approximately August 2022, the subscriber to, and sole and regular user of, her cellular telephone number—(XXX) XXX-6865.

8.      Defendant delivered, or caused to be delivered, numerous artificial or prerecorded voice messages to telephone number (XXX) XXX-6865.

9.      For example, on or about March 25, 2023, Defendant placed or caused to be placed a call to telephone number (XXX) XXX-6865.

10.     Defendant delivered or caused to be delivered an artificial or prerecorded voice message to telephone number (XXX) XXX-6865.

11.     In connection with this call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920, stating:

> This is Genesis FS Card Services calling regarding an important business matter about your Indigo account. Please call me back at 800-353-5920 at your earliest convenience. Again, that number is 800-353-5920. Thank you.[1]

---

[1]     This message repeats itself such that the recording plays twice during the full voicemail message.

2

PLAINTIFF'S CLASS ACTION
COMPLAINT

12.    Plaintiff received and listened to this March 25 artificial or prerecorded voice message.

13.    The tone and speech pattern of this March 25 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

14.    The March 25 voice message also played the same scripted message twice, verbatim.

15.    When dialed, telephone number (800) 353-5920 connects to Defendant and plays the following greeting: "Welcome to Concora Credit. We're happy to help you with your Indigo Mastercard account."

16.    On or about March 28, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

17.    In connection with this March 28 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

18.    The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on March 28, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

19.    Plaintiff received and listened to this March 28 artificial or prerecorded voice message.

20.    The tone and speech pattern of this March 28 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

21.    The March 28 voice message also played the same scripted message twice, verbatim.

3

PLAINTIFF'S CLASS ACTION
COMPLAINT

22.     On or about April 8, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

23.     In connection with this April 8 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

24.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on April 8, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

25.     Plaintiff received and listened to this April 8 artificial or prerecorded voice message.

26.     The tone and speech pattern of the April 8 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

27.     The April 8 voice message also played the same scripted message twice, verbatim.

28.     On or about April 14, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

29.     In connection with this April 14 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

30.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on April 14, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

31.     Plaintiff received and listened to this April 14 artificial or prerecorded voice message.

4

PLAINTIFF'S CLASS ACTION
COMPLAINT

32.     The tone and speech pattern of the April 14 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

33.     The April 14 voice message also played the same scripted message twice, verbatim.

34.     On or about April 17, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

35.     In connection with this April 17 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

36.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on April 17, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

37.     Plaintiff received and listened to this April 17 artificial or prerecorded voice message.

38.     The tone and speech pattern of the April 17 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

39.     The April 17 voice message also played the same scripted message twice, verbatim.

40.     On or about April 21, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

41.     In connection with this April 21 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

5

PLAINTIFF'S CLASS ACTION
COMPLAINT

42.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on April 21, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

43.     Plaintiff received and listened to this April 21 artificial or prerecorded voice message.

44.     The tone and speech pattern of the April 21 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

45.     The April 21 voice message also played the same scripted message twice, verbatim.

46.     On or about April 28, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

47.     In connection with this April 28 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

48.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on April 28, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

49.     Plaintiff received and listened to this April 28 artificial or prerecorded voice message.

50.     The tone and speech pattern of the April 28 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

51.     The April 28 voice message also played the same scripted message twice, verbatim.

52.     On or about May 1, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

6

PLAINTIFF'S CLASS ACTION
COMPLAINT

53.     In connection with this May 1 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

54.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on May 1, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

55.     Plaintiff received and listened to this May 1 artificial or prerecorded voice message.

56.     The tone and speech pattern of the May 1 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

57.     The May 1 voice message also played the same scripted message twice, verbatim.

58.     On or about May 5, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

59.     In connection with this May 5 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

60.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on May 5, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

61.     Plaintiff received and listened to this May 5 artificial or prerecorded voice message.

62.     The tone and speech pattern of the May 5 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

63.     The May 5 voice message also played the same scripted message twice, verbatim.

PLAINTIFF'S CLASS ACTION
COMPLAINT

64.    On or about May 8, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

65.    In connection with this May 8 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

66.    The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on May 8, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

67.    Plaintiff received and listened to this May 8 artificial or prerecorded voice message.

68.    The tone and speech pattern of the May 8 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

69.    The May 8 voice message also played the same scripted message twice, verbatim.

70.    On or about May 12, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

71.    In connection with this May 12 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

72.    The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on May 12, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

73.    Plaintiff received and listened to this May 12 artificial or prerecorded voice message.

8

74.    The tone and speech pattern of the May 12 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

75.    The May 12 voice message also played the same scripted message twice, verbatim.

76.    On or about May 15, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

77.    In connection with this May 15 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

78.    The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on May 15, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

79.    Plaintiff received and listened to this May 15 artificial or prerecorded voice message.

80.    The tone and speech pattern of the May 15 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

81.    The May 15 voice message also played the same scripted message twice, verbatim.

82.    On or about May 19, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

83.    In connection with this May 19 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

PLAINTIFF'S CLASS ACTION
COMPLAINT

84.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on May 19, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

85.     Plaintiff received and listened to this May 19 artificial or prerecorded voice message.

86.     The tone and speech pattern of the May 19 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

87.     The May 19 voice message also played the same scripted message twice, verbatim.

88.     On or about May 22, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

89.     In connection with this May 22 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

90.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on May 22, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

91.     Plaintiff received and listened to this May 22 artificial or prerecorded voice message.

92.     The tone and speech pattern of this May 22 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

93.     The May 22 voice message also played the same scripted message twice, verbatim.

94.     On or about May 31, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

PLAINTIFF'S CLASS ACTION
COMPLAINT

95.     In connection with this May 31 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

96.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on May 31, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

97.     Plaintiff received and listened to this May 31 artificial or prerecorded voice message.

98.     The tone and speech pattern of the May 31 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

99.     The May 31 voice message also played the same scripted message twice, verbatim.

100.     On or about June 2, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

101.     In connection with this June 2 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

102.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on June 2, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

103.     Plaintiff received and listened to this June 2 artificial or prerecorded voice message.

104.     The tone and speech pattern of the June 2 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

105.     The June 2 voice message also played the same scripted message twice, verbatim.

PLAINTIFF'S CLASS ACTION
COMPLAINT

106.    On or about June 5, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

107.    In connection with this June 5 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

108.    The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on June 5, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

109.    Plaintiff received and listened to this June 5 artificial or prerecorded voice message.

110.    The tone and speech pattern of the June 5 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

111.    The June 5 voice message also played the same scripted message twice, verbatim.

112.    On or about June 9, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

113.    In connection with this June 9 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

114.    The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on June 9, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

115.    Plaintiff received and listened to this June 9 artificial or prerecorded voice message.

116.    The tone and speech pattern of the June 9 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

12

PLAINTIFF'S CLASS ACTION
COMPLAINT

117.    The June 9 voice message also played the same scripted message twice, verbatim.

118.    On or about June 12, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

119.    In connection with this June 12 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

120.    The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on June 12, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

121.    Plaintiff received and listened to this June 12 artificial or prerecorded voice message.

122.    The tone and speech pattern of the June 12 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

123.    The June 12 voice message also played the same scripted message twice, verbatim.

124.    On or about June 16, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

125.    In connection with this June 16 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

126.    The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on June 16, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

PLAINTIFF'S CLASS ACTION
COMPLAINT

127.    Plaintiff received and listened to this June 16 artificial or prerecorded voice message.

128.    The tone and speech pattern of the June 16 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

129.    The June 16 voice message also played the same scripted message twice, verbatim.s

130.    On or about June 23, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

131.    In connection with this June 23 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

132.    The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on June 23, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

133.    Plaintiff received and listened to this June 23 artificial or prerecorded voice message.

134.    The tone and speech pattern of the June 23 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

135.    The June 23 voice message also played the same scripted message twice, verbatim.

136.    On or about June 30, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-6865.

137.    In connection with this June 30 call, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 an artificial or prerecorded voice message from telephone number (800) 353-5920.

14

PLAINTIFF'S CLASS ACTION
COMPLAINT

138.    The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 on June 30, 2023 is substantively identical to the message it delivered or caused to be delivered on March 25, 2023.

139.    Plaintiff received and listened to this June 30 artificial or prerecorded voice message.

140.    The tone and speech pattern of the June 30 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

141.    The June 30 voice message also played the same scripted message twice, verbatim.

142.    Plaintiff does not have, and never had, an Indigo account with Defendant.

143.    Plaintiff does not have, and never had, any credit card account with Defendant.

144.    Plaintiff does not, nor did, have any business relationship with Defendant.

145.    Plaintiff did not provide telephone number (XXX) XXX-6865 to Defendant.

146.    Defendant did not obtain telephone number (XXX) XXX-6865 from Plaintiff.

147.    Plaintiff did not give Defendant prior express consent to place calls to telephone number (XXX) XXX-6865 using an artificial or prerecorded voice.

148.    Defendant did not obtain from Plaintiff prior express consent to place calls to telephone number (XXX) XXX-6865 using an artificial or prerecorded voice.

149.    Plaintiff informed Defendant that it was calling the wrong telephone number in placing or causing to be placed calls to telephone number (XXX) XXX-6865.

150.    All artificial or prerecorded voice messages Defendant delivered or caused to be delivered to telephone number (XXX) XXX-6865 were intended for someone other than, and unknown to, Plaintiff.

PLAINTIFF'S CLASS ACTION
COMPLAINT

151.    Defendant placed the subject calls to telephone number (XXX) XXX-6865 voluntarily.

152.    Defendant placed the subject calls to telephone number (XXX) XXX-6865 under its own free will.

153.    Defendant had knowledge it was using an artificial or prerecorded voice in connection with the subject calls to telephone number (XXX) XXX-6865.

154.    Defendant's records will identify each call it placed or caused to be placed to telephone number (XXX) XXX-6865.

155.    Defendant's records will identify each artificial or prerecorded voice message it delivered or caused to be delivered to telephone number (XXX) XXX-6865.

156.    Plaintiff suffered actual harm as a result of the prerecorded voice messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

157.    Plaintiff found Defendant's numerous artificial or prerecorded voice messages to be irritating and invasive.

158.    Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses or causes to be used an artificial or prerecorded voice in connection with calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

159.    Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Concora Credit Inc. placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a Concora Credit Inc. accountholder, (3) in connection with which Concora Credit Inc. used, or caused to be used, an

PLAINTIFF'S CLASS ACTION
COMPLAINT

artificial or prerecorded voice, (4) from four years prior to the filing of this class action complaint through the date of class certification.

160.    Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

161.    Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

162.    The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

163.    The class is ascertainable because it is defined by reference to objective criteria.

164.    In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

165.    Plaintiff's claims are typical of the claims of the members of the class.

166.    As it did for all members of the class, Defendant placed or caused to be placed calls to Plaintiff's cellular telephone number in connection with which it used, or caused to be used, an artificial or prerecorded voice.

167.    Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

168.    Plaintiff's claims are based on the same theories as are the claims of the members of the class.

169.    Plaintiff suffered the same injuries as the members of the class.

170.    Plaintiff will fairly and adequately protect the interests of the members of the class.

171.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the

PLAINTIFF'S CLASS ACTION
COMPLAINT

interests of the members of the class.

172.    Plaintiff will vigorously pursue the claims of the members of the class.

173.    Plaintiff has retained counsel experienced and competent in class action litigation.

174.    Plaintiff's counsel will vigorously pursue this matter.

175.    Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

176.    The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

177.    Among the issues of law and fact common to all members of the class:

    a.    Defendant's conduct, pattern, and practice as it pertains to placing or causing to be placed calls in connection with which it uses, or caused to be used, an artificial or prerecorded voice;

    b.    Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers; and

    c.    The availability of statutory penalties.

178.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

179.    If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

180.    The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

18

PLAINTIFF'S CLASS ACTION
COMPLAINT

181.    The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

182.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

183.    The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

184.    The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

185.    There will be no extraordinary difficulty in the management of this action as a class action.

186.    Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

187.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 186.

188.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using or causing to be used an artificial or prerecorded voice in connection with calls it placed or caused to be placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

PLAINTIFF'S CLASS ACTION
COMPLAINT

189.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action;

b)  Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c)  Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)  Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e)  Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f)  Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g)  Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h)  Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i)  Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j)  Awarding such other and further relief as the Court may deem just and proper.

PLAINTIFF'S CLASS ACTION
COMPLAINT

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

and all triable issues.


Date: April 29, 2025                    */s/ Kenneth P. Dobson*
                                        Kenneth P. Dobson
                                        Dobson Law Office, LLC
                                        OSB No. 002435
                                        324 S. Abernethy Street
                                        Portland, OR 97239
                                        (971) 717-6582
                                        kdobson@pdxlandlaw.com

                                        *Local Counsel for Plaintiff and the proposed class*

                                        Jesse S. Johnson (*pro hac vice application to be filed*)
                                        Greenwald Davidson Radbil PLLC
                                        5550 Glades Road, Suite 500
                                        Boca Raton, Florida 33431
                                        (561) 826-5477
                                        jjohnson@gdrlawfirm.com

                                        *Counsel for Plaintiff and the proposed class*

PLAINTIFF'S CLASS ACTION
COMPLAINT